IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Matthew Gregory Cabbil, | ) | C/A No. 1:14-2141-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Matthew Gregory Cabbil ("Plaintiff"), a self-represented litigant, brings this action alleging claims associated with an attack by unspecified individuals or entities. (ECF No. 1 at 3.)  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC.  Plaintiff seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 3.)  Having reviewed the Complaint and motion to proceed *in forma pauperis* in accordance with applicable law, the court concludes that the Complaint should be summarily dismissed without prejudice and without issuance and service of process and Plaintiff's motion to proceed without prepayment of the filing fee should be denied.

## I.    **Procedural Background**

Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO-240), which is construed as a Motion for Leave to Proceed *in Forma Pauperis*. (ECF No. 3.)  In his motion, Plaintiff states that he receives income from an unspecified source. (Id. at 1.)  Plaintiff further indicates that the has approximately $2,500 in a savings or checking account and lists no assets, regular monthly expenses, or debts. (Id. at 2.)

Plaintiff's Complaint alleges that he has "been attacked for an undisclosed amount of time" and that Plaintiff has "evidence that what has happened" is being "coordinated with a larger agenda/project/program/initiative/operation" to which he did not consent.  (ECF No. 1 at 3.) Plaintiff states that he would like to share more information in person and that his situation is an emergency.  (Id.)  Plaintiff seeks relief which can "address the scope of the issue," but further states that the "scope of the issue has not been made known to [him.]" (Id. at 5.)

Documents filed by Plaintiff subsequent to the Complaint allege that his "ability to write is affected due to the technological manifestations associated with 'Project/Operation Blue Beam (Ghost Gun).' " (ECF No. 11.)  Plaintiff alleges that he is "being subjected to illegal, human experimentation" with "remote surveillance, remote neural monitoring ('thought policing'), and remote physiological monitoring and manipulation ('forced error'; 'brainwashing')." (ECF No. 10 at 1.)  Plaintiff claims that his situation involves the "National Security Acts" and he asks the court to "un-paralyze and un-monitor" him.  (ECF No. 13 at 1, 3.)  Plaintiff also seeks a "complete blackout" of his name online and in the media, a complete record expungement, "amnesty due to entrapment," restitution, and justice.  (Id. at 3-4.)  Plaintiff further asks for protection by the court. (ECF Nos. 9, 13-1, 13-2.)

## II.    Discussion

### A.    Motion to proceed *in forma pauperis*

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts.  See Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980). However, there is no clear precedent in the Fourth Circuit concerning a magistrate judge's authority

to issue an order denying an application to proceed *in forma pauperis*.[1]  The Sixth Circuit has concluded that a magistrate judge cannot issue an order to deny an application to proceed *in forma pauperis*.  <u>Woods v. Dahlberg</u>, 894 F.2d 187 (6th Cir. 1990).  Specifically, the <u>Woods</u> court ruled that a denial of an application to proceed *in forma pauperis* by a magistrate judge is the functional equivalent of an involuntary dismissal, which cannot be granted by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A).  <u>Id.</u> at 187.  The Tenth and Fifth Circuits have reached similar conclusions.  <u>See Lister v. Dep't of the Treasury</u>, 408 F.3d 1309, 1312 (10th Cir. 2005); <u>Donaldson v. Ducote</u>, 373 F.3d 622, 623-25 (5th Cir. 2004).  Accordingly, this Report and Recommendation has been submitted to preserve Plaintiff's opportunity to obtain *de novo* review by the District Judge upon objections.

A litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a).  <u>Adkins v. E.I. Du Pont de Nemours & Co.</u>, 335 U.S. 331, 337-44 nn.5-10 (1948).  Further, "there are no 'magic formulas' for making the determination that the requisite in forma pauperis status is present, but instead, there is required a careful scrutiny and weighing of all the relevant facts and circumstances involved in each particular situation."  <u>Carter v. Telectron, Inc.</u>, 452 F. Supp. 939, 942 (S.D. Tex. 1976) (citation omitted).  Citing <u>Adkins</u> and cases in the Third and Fifth Judicial Circuits, <u>Carter</u> set forth a three-part list of discretionary factors to be evaluated under 28 U.S.C. § 1915(a): "Is petitioner barred from the Federal Courts by reason of his impecunity?  Is access to the courts blocked by the imposition of

---

[1]  The United States Court of Appeals for the Fourth Circuit has held that, absent consent to the jurisdiction of the magistrate judge, proper review of a magistrate judge's denial of a plaintiff's motion to proceed *in forma pauperis* is in the district court.  <u>Gent v. Radford Univ.</u>, No. 99-1431, 1999 WL 503537, at *1 (4th Cir.  July 16, 1999).



an undue hardship?  Is petitioner forced to contribute his last dollar, or render himself destitute to prosecute his claim?"  Carter, 452 F. Supp. at 943 (citations omitted).

Upon review of the information before the court, and mindful of the tests set forth in Carter, the court has concluded that Plaintiff would not be rendered destitute by being required to pay the filing costs of $400 (which includes the $50 administrative fee), nor is there any indication that requiring payment of these costs would impose an undue hardship or effectively block Plaintiff's access to the courts.  The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without [a] legal remedy if such privilege were not afforded to them."  Brewster v. N. Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972).  Therefore, Plaintiff's motion should be denied. (ECF No. 3.)

**B.  Lack of subject matter jurisdiction**

**i.  Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint.  This court is required to liberally construe pro se complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).



Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when a Plaintiff pays the filing fee, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. See Mallard v. U.S. Dist. Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

### ii.    Analysis

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Id. at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the



absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. <u>Lovern v. Edwards</u>, 190 F.3d 648, 654 (4th Cir. 1999).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331, and (2) "diversity of citizenship" pursuant to 28 U.S.C. § 1332. The factual allegations contained in the instant Complaint do not fall within the scope of either of these forms of the court's limited jurisdiction. First, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. In this case, Plaintiff fails to allege an amount in controversy sufficient to invoke this court's diversity jurisdiction.

Second, "a claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." <u>Burgess v. Charlottesville Sav. and Loan Ass'n</u>, 477 F.2d 40, 43 (4th Cir. 1973). Therefore, a complaint must "contain allegations 'affirmatively and distinctly' establishing federal grounds 'not in mere form, but in substance' and 'not in mere assertion, but in essence and effect.' " <u>Id.</u> (citing <u>Cuyahoga Co. v. Northern Ohio Co.</u>, 252 U.S. 388, 397 (1920)). "The mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit." <u>Malone v. Gardner</u>, 62 F.2d 15, 18 (4th Cir. 1932). To this end, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). While "detailed factual allegations" are not required, a plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555.



Further, even where factual allegations are raised, a federal court lacks subject matter jurisdiction over an "obviously frivolous complaint." Chong Su Yi v. Soc. Sec. Admin., No. 13-2195, 2014 WL 629513, at *1 (4th Cir. Feb. 19, 2014) (affirming dismissal of factually and legally frivolous claims in a fee-paid *pro se* case); see also Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452-53 (4th Cir. 2012) (finding that a federal court lacks subject matter jurisdiction over a complaint raising claims " 'so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy' ") (citation omitted). Complaints "based on allegations that seem delusional, irrational, and wholly beyond belief" are considered factually frivolous. Brunson v. United States Dep't of Justice of Fed. Bureau of Investigation, C/A No. 3:11-2569-JFA-PJG, 2011 WL 6122585, at *2 (D.S.C. Oct. 24, 2011) (finding claim that defendant placed an electronic device into the plaintiff's body at birth "fantastic, fanciful, and delusional"), adopted by 2011 WL 6122747 (D.S.C. Dec. 9, 2011); see also Brock v. Angelone, 105 F.3d 952, 953-54 (4th Cir. 1997) (dismissing appeal as frivolous and finding plaintiff's allegation that he was being poisoned or experimented upon via an ingredient in pancake syrup fanciful or delusional).

The instant Complaint provides only conclusory statements with no supporting factual allegations. (ECF No. 1 at 3.) Further, the pleadings filed by Plaintiff subsequent to the Complaint present factually frivolous allegations which are insufficient to establish subject matter jurisdiction in this case.[2] (ECF Nos. 8-11, 13.) To the extent the court may construe Plaintiff's allegations as an attempt to assert claims of a constitutional violation under Bivens v. Six Unknown Named Agents

---

[2] Plaintiff did not indicate an intent to amend the Complaint in any of the subsequently filed documents. However, the court notes that amendment based on such documents would be futile. (ECF Nos. 8-11, 13.)



of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971),[3] the case is still subject to summary

dismissal as legally frivolous because Plaintiff names a defendant who is immune from suit.[4]

Therefore, Plaintiff's Complaint should be summarily dismissed.  See Ross v. Baron, No. 12-1272,

2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012) ("[F]rivolous complaints are subject to summary

dismissal pursuant to the inherent authority of the court").

## III.     Conclusion

For the foregoing reasons, it is recommended that Plaintiff's motion to proceed *in forma*

*pauperis* be denied.  (ECF No. 3.)  If the district judge accepts this recommendation, Plaintiff would

have fourteen days from the date of the order denying *in forma pauperis* status to submit the

required filing fee.  If Plaintiff fails to pay the filing fee within the specified time period it is

recommended that the case be dismissed without prejudice.  Further, as Plaintiff fails to establish

a valid basis for the court's jurisdiction over this case, it is recommended that the Complaint be

dismissed without prejudice even if the filing fee is submitted.

June 17, 2014                                                  Paige J. Gossett
Columbia, South Carolina                          UNITED STATES MAGISTRATE JUDGE

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**.*"*

---

[3]  Bivens is the case establishing that victims of a constitutional violation perpetuated by a
federal actor may sue the offender for damages in federal court despite the absence of explicit
statutory authorization for such suits.  Carlson v. Green, 446 U.S. 14,18 (1980); see also Holly v.
Scott, 434 F.3d 287, 289 (4th Cir. 2006).

[4]  Under the principle of sovereign immunity, individuals may not sue the United States or
its agencies without their consent.  See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (declining to
extend Bivens to permit suit against a federal agency); Global Mail Ltd. v. United States Postal
Service, 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign
immunity unless Congress waives that immunity and consents to suit).  Further, "the United States
has not waived sovereign immunity in suits claiming constitutional torts." Reinbold v. Evers, 187
F.3d 348, 355 n.7 (4th Cir. 1999).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).